**CORSAIR CAPITAL PARTNERS, L.P.; Alternative Investments, L.P., Plaintiffs–Appellees,**

v.

**WEDBUSH MORGAN SECURITIES, INC.; Edward Wedbush, Defendants–Appellants,**

**and**

**Waldron & Co., Inc.; Cery Perle; Wendy A. Rea; Robert Paset, Defendants.**

No. 00–56397.

D.C. No. CV–99–04670–ER.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2001.

Decided Dec. 19, 2001.

Before NOONAN, WARDLAW, Circuit Judges, and SCHWARZER,[1] District Judge.

## MEMORANDUM [2]

■ Wedbush Morgan Securities, Inc. ("Wedbush Morgan") and its president, Edward Wedbush ("Wedbush") appeal from the district court's denial of their motion for a judgment as a matter of law and motion for a new trial, after a jury returned a verdict against Wedbush Morgan and Wedbush in the amount of $234,684. Wedbush and Wedbush Morgan also appeal the district court's order finding that Wedbush and Wedbush Morgan had violated California's unfair competition statute, California Business and Professions Code §§ 17200–17210, but declining to award recovery.

■ We review a jury verdict under the substantial evidence standard. *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1370–71 (9th Cir.1987). Similarly, we review the court's denial of a post-trial motion for a judgment as a matter of law for substantial evidence. *Id.* The district court had jurisdiction under 15 U.S.C. § 78aa and 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291.

Corsair Capital Partners, L.P. ("Corsair") and Alternative Investments, L.P. ("Alternative") brought suit against Wedbush Morgan, Wedbush, and various Wedbush employees, alleging violations of sections 10(b) and 20(a) of the Securities

---

1. The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Exchange Act of 1934, Rule 10b–5 promulgated thereunder, and California securities and unfair competition statutes.

In early 1998, Waldron & Co. ("Waldron") acted as the introducing broker for the initial public offering of Shopping.com. Wedbush Morgan acted as Waldron's clearing broker. Corsair and Alternative are two investment funds that engaged in short sales of Shopping.com. Waldron propped up the price of Shopping.com stock by overpurchasing the stock, thereby giving the impression that demand for the stock was higher than it actually was. At trial, Corsair and Alternative presented evidence that Wedbush participated in and encouraged Waldron's manipulation of Shopping.com stock, and, in particular, agreed with Waldron to conduct a series of above-market buy-ins, thereby squeezing short sellers and allowing Waldron to maintain its account with Wedbush.

Before the beginning of the trial, the parties submitted joint proposed jury instructions. Corsair and Alternative presented two additional sets of proposed instructions and the Wedbush defendants presented one additional set of proposed jury instructions. Among the Wedbush defendants' proposed instructions (Nos. 2 and 3) were instructions on liability for market manipulation, patterned after the Southern District of New York's definition in *In re Blech Sec. Litig.*, 961 F.Supp. 569, 583–85 (S.D.N.Y.1997). No such instruction appeared in the sets submitted by Corsair and Alternative, or in the joint proposed instructions.

At the end of the trial, Corsair and Alternative proposed an instruction on manipulation, tracking the language of Rule 10b–5(a). 17 C.F.R. § 240.10b–5(a). The Wedbush defendants objected, and the district court refused to give the instruction, instead giving an instruction based on 10b–5(b) liability for material omissions, and an instruction on duty to disclose encompass-

ing the multi factor "relationship of trust and confidence" test. *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1157 (9th Cir.1996).

■ Absent a duty to disclose there can be no liability for failing to speak. *Chiarella v. United States*, 445 U.S. 222, 235, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980); *Paracor*, 96 F.3d at 1157. Such a duty arises out of a relationship of trust and confidence. *Chiarella*, 445 U.S. at 230. The record reveals no ordinary quasi-fiduciary relationship here. Corsair and Alternative claim that case law supports a duty to disclose between one who manipulates the market and his intended victims. *See United States v. Russo*, 74 F.3d 1383, 1391–92 (2d Cir.1996); *United States v. Charnay*, 537 F.2d 341, 349–50 (9th Cir. 1976). It is true that a market manipulator cannot hide behind the lack of a relationship with his victims; market manipulation carries with it liability under Rule 10b–5(a) and (c), separate from the omissions liability. *See* 15 U.S.C. § 78j(b) (prohibiting "any manipulative *or* deceptive device") (emphasis added). Further, the cases cited by Corsair and Alternative finding a manipulator's duty to disclose were either appeals from pre trial rulings or appeals from jury verdicts that were founded on a specific instruction on manipulation. *See, e.g., Russo*, 74 F.3d at 1394 (example of manipulation instruction). They cite no authority supporting their contention that a jury can find manipulation merely by applying the multi factor relationship of trust and confidence test found in *Paracor*.

The jury was presented no evidence demonstrating a relationship of trust and confidence sufficient to justify a duty to disclose by the Wedbush defendants necessary for liability under Rule 10b–5(b), on which the jury was instructed. The jury was not instructed on market manipulation

under Rule 10b–5(a) and (c). A jury is presumed not to have based its decision on grounds on which it was not instructed. *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 523 (9th Cir.1999), *cert. denied,* 528 U.S. 1003, 120 S.Ct. 495, 145 L.Ed.2d 382 (1999). Absent evidence of a relationship of trust and confidence, there was not substantial evidence to support the jury's verdict on an omissions theory. The district court's affirmance of the verdict based on evidence of manipulation was based on a theory on which the jury was not instructed. We, therefore, reverse the district court's judgment on Corsair and Alternative's § 10(b) and Rule 10b–5 claims. Control person liability for Edward Wedbush under § 20(a) of the Securities Exchange Act, as well as the district court's order finding a violation of California Professions and Business Code §§ 17200–17210 were both premised on the jury's finding of liability under § 10(b). Consequently, we reverse those judgments as well.

■ Prior to the close of trial, Corsair and Alternative requested an instruction on manipulation based on the language of Rule 10b–5(a). The district court refused to give such an instruction. It was error for the district court not to give any instruction on market manipulation under Rule 10b–5(a) and (c), including an explanation of deceptive and manipulative conduct. Since Corsair and Alternative presented evidence during trial of manipulation by the Wedbush defendants, we remand this case for a new trial, where Corsair and Alternative can seek to prove a violation of § 10(b) based on Wedbush's alleged manipulation of the market for Shopping.com shares.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

REVERSED AND REMANDED for a new trial.